*Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 119 AD2d 558; *Hartford Acc. & Indem. Co. v J. J. Wicks, Inc.,* 104 AD2d 289, 293), regardless of whether the insured has suffered prejudice by the delay *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 269-270).

We reject defendant's claim that, as an excess carrier, it has no duty to disclaim until it is informed that primary coverage has been exhausted. Plaintiff has established that the primary carrier's offer of its policy limit was rejected, and as long as there is a reasonable possibility that defendant's excess coverage may be reached, defendant has the duty to aid in the defense of its insured *(see, Russo v Rochford,* 123 Misc 2d 55, 62-66).

Lastly, Special Term correctly denied summary judgment to either party with respect to whether defendant's excess coverage will apply. On this record, whether plaintiff was operating the nonowned vehicle for a business purpose at the time of the accident is a triable question of fact. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.

■ DAVID PETERSON, Appellant, v NIAGARA MACHINE AND TOOL WORKS, Respondent, et al., Defendants. (And a Third-Party Action.) (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated at Special Term, Adams, J. (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.

■ DAVID PETERSON, Appellant, v NIAGARA MACHINE AND TOOL WORKS, Respondent, et al., Defendants. (And a Third-Party Action.) (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated at Special Term, Adams, J. (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: We find no *Payton* violation *(see, Payton v New York,* 445 US 573), as suggested by defendant, since there has been no showing that the police made a nonconsensual entry into defendant's home to effect his arrest *(People v Clinkscales,* 134 AD2d 889, *lv denied* 70 NY2d 1005). The record discloses that the police officer approached defendant's